IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE R. FLORES-GUZMAN** | : | **CIVIL ACTION – LAW** |
| **PLAINTIFFS** | : | |
| v. | : | **No.** |
| **JAMES C. BURNS AND WERNER ENTERPRISES, INC.** | : | |
| **DEFENDANTS** | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

AND NOW, comes Plaintiff Jose R. Flores-Guzman, by and through his attorney, SCOTT B. COOPER, ESQUIRE, and SCHMIDT KRAMER PC, and aver the following:

### PARTIES

1. Plaintiff Jose R. Flores-Guzman is an adult individual and citizen of the State of New Jersey, who lives at 446 1st Ave, Second Floor, Elizabeth, Union County, New Jersey 07206.

2. Defendant James C. Burns (hereinafter referred to as "Defendant Burns") is an adult individual and citizen of the State of Florida, with a last known address of 11409 Ventura Way, Tampa, Hillsborough County, Florida 33637.

3. Defendant Werner Enterprises is a business corporation doing business as Werner Enterprises, Inc. (hereinafter referred to as "Defendant Werner

Enterprises") with its headquarters and principal place of business located at 14507 Frontier Road, Omaha, Sarpy County, Nebraska 68138.

## JURISDICTION AND VENUE

4. Jurisdiction in this matter is based upon diversity of citizenship in accordance with 28 U.S.C. § 1332.

5. Plaintiff Jose Flores-Guzman is seeking damages against Defendants Burns and Werner Enterprises in excess of $75,000.00, exclusive of interest, costs, and attorney fees.

6. Plaintiff Jose Flores-Guzman is a resident of New Jersey; Defendant Burns is a resident of Florida; and Defendant Werner Enterprises is a corporation with a registered business address in Nebraska.

7. The accident in question took place in York County, Pennsylvania.

8. Venue is proper under 28 U.S.C. § 1391(a).

## OPERATIVE FACTS

9. The facts and occurrences hereinafter related took place on Saturday, December 31, 2016, at approximately 9:04 a.m. in the parking lot of 5197 Commerce Drive in Jackson Township, York County, Pennsylvania.

10. At that time and place, Plaintiff Jose Flores-Guzman was standing outside of a 2007 Freightliner, owned by his employer.

11. At that time and place, Defendant Burns was operating a 2017 Freightliner Truck, owned by Defendant Burns.

12. At all relevant times, Defendant Burns was in the course and scope of his employment as an independent contractor pulling a trailer owned by Defendant Werner Enterprises.

13. At the time of the accident, Plaintiff Jose Flores-Guzman was attempting to open his left trailer door when Defendant Burns drove past striking the door, knocking Plaintiff Jose Flores-Guzman to the ground.

14. The accident was in no way caused or contributed to by Plaintiff Jose Flores-Guzman, and was caused solely by Defendants Burns and Werner Enterprises for the reasons set forth below.

### COUNT I
### JOSE FLORES-GUZMAN v. JAMES C. BURNS
### NEGLIGENCE

15. Paragraphs one (1) through fourteen (14) of this Complaint are incorporated herein by reference.

16. The accident at issue was initiated and legally caused by the negligence, carelessness, and/or recklessness of Defendant Burns, consisting of the following:

   a. Failing to have his vehicle under proper and adequate control;

   b. Operating a vehicle so as to create a dangerous situation for other vehicles in the parking lot;

   c. Failure to keep a reasonable lookout for other vehicles lawfully in the parking lot;

   d. Turning in such a manner as to endanger other vehicles on the roadway; and

e. Failure to maintain his vehicle in a proper manner.

17. As a direct and proximate result of the accident, Plaintiff Jose Flores-Guzman sustained painful and severe injuries, which include, but are not limited to:

    a. Mild traumatic brain injury/concussion;

    b. Posttraumatic headaches;

    c. Left shoulder labrum tear

    d. Left elbow sprain/strain/contusion;

    e. Left lumbar radiculitis/radiculopathy; and

    f. Left knee derangement and symptomatic chondral injury.

18. Plaintiff Jose Flores-Guzman has been advised, and therefore avers, that the aforementioned injuries are/were serious and may be permanent in nature, and claim is made therefor.

19. As a direct and proximate result of the motor vehicle accident, Plaintiff Jose Flores-Guzman has incurred medical expenses for the injuries he has sustained, and may continue to incur medical expenses in the future, and claim is made therefor.

20. As a direct and proximate result of the injuries sustained in the motor vehicle accident, Plaintiff Jose Flores-Guzman has suffered a loss of wages, and has suffered an impairment of his future earning power and capacity, and claim is made therefor.

21. As a direct and proximate result of the injuries sustained in the motor vehicle accident, Plaintiff Jose Flores-Guzman has undergone, and may continue

to undergo, great physical and mental suffering, great inconvenience in carrying out his daily activities, loss of life's pleasures and enjoyment, and claim is made therefor.

WHEREFORE, Plaintiff Jose Flores-Guzman respectfully requests Your Honorable Court grant judgment in his favor and against Defendant James C. Burns in an amount in excess of $75,000.00.

## COUNT II
## JOSE FLORES-GUZMAN v. WERNER ENTERPRISES, INC.
## RESPONDEAT SUPERIOR

22. Paragraphs one (1) through twenty-one (21) of this Complaint are incorporated herein by reference.

23. At the time of the aforementioned accident, Defendant Burns was acting as a servant, agent, employee, and/or ostensible agent of Defendant Werner Enterprises.

24. At all relevant times, Defendant Burns was within the course and scope of his employment for Defendant Werner Enterprises.

25. Plaintiff Jose Flores-Guzman's injuries were a direct and proximate result of the aforesaid negligence of Defendant Burns.

26. Plaintiff Jose Flores-Guzman's injuries were a direct and proximate result of Defendant Burns's conduct and were not caused or contributed to by any conduct on the part of Plaintiff Jose Flores-Guzman.

27. As the negligent conduct of Defendant Burns was in the course and scope of his employment with Defendant Werner Enterprises, and he was either its servant, agent, employee, and/or ostensive agent, Defendant Werner

Enterprises is vicariously liable for the negligent conduct that injured Plaintiff Jose Flores-Guzman.

28. Paragraphs seventeen (17) through twenty-one (21) of this Complaint relating to injuries and damages suffered by Plaintiff Jose Flores-Guzman are incorporated herein by reference and made a part thereof as is set forth in full.

WHEREFORE, Plaintiff Jose Flores-Guzman respectfully requests Your Honorable Court grant judgment in his favor and against Defendant Werner Enterprises in an amount in excess of $75,000.00.

## COUNT III
## JOSE FLORES-GUZMAN v. WERNER ENTERPRISES, INC.
## DIRECT NEGLIGENCE

29. Paragraphs one (1) through twenty-eight (28) of this Complaint are incorporated herein by reference.

30. Defendant Werner Enterprises owed specific duties directly to Plaintiff Jose Flores-Guzman, in which they failed, as follows:

   a. Failing to properly supervise, conduct proper hiring practices, and/or train its employee, Defendant Burns, in the safe operation of motor vehicles;

   b. Failing to enforce DOT and/or internal safety regulations and procedures for operation of the tractor, the trailer, and the load over public highways;

   c. Failing to assure its driver was aware of defensive driving procedures to avoid an accident; and

   d. Permitting Defendant Burns to operate its vehicle in violation of DOT and Pennsylvania rules and regulations and the traffic laws of the Commonwealth of Pennsylvania.

31. As the negligent conduct of Defendant Burns was in the course and scope of his employment with Defendant Werner Enterprises, and he was either

its employee, servant, agent, or ostensible agent, Defendant Werner Enterprises is vicariously liable for the negligent conduct that injured Plaintiff Jose Flores-Guzman.

32. Paragraphs seventeen (17) through twenty-one (21) of this Complaint relating to injuries and damages suffered by Plaintiff Jose Flores-Guzman are incorporated herein by reference and made a part thereof as is set forth in full.

WHEREFORE, Plaintiff Jose Flores-Guzman respectfully requests Your Honorable Court grant judgment in his favor and against Defendant Werner Enterprises in an amount in excess of $75,000.00.

### COUNT IV
### JOSE FLORES-GUZMAN v. WERNER ENTERPRISES, INC.
### NEGLIGENT ENTRUSTMENT

33. Paragraphs one (1) through thirty-two (32) of this Complaint are incorporated herein by reference.

34. The negligence, careless, and/or reckless conduct of Defendant Werner Enterprises consisted of the following:

   a. Negligently entrusting Defendant Burns with the trailer and load when it knew, or should have known, Defendant Burns lacked sufficient skill, judgment, and/or prudence in the operation of a vehicle as set forth above;

   b. Failing to adequately instruct Defendant Burns in the safe operation of the tractor-trailer prior to entrusting him with the trailer and load, of which Defendant Werner Enterprises was the owner;

   c. Failing to prevent Defendant Burns from operating the 2017 Freightliner Truck, of which was pulling the trailer and load Defendant Werner Enterprises was the owner of, until he had sufficient ability to operate it safely;

   d. Failing to adequately ascertain that Defendant Burns lacked the ability necessary to safely operate the 2017 Freightliner Truck, of

which was pulling the trailer and load Defendant Werner Enterprises was the owner of, under the circumstances; and

e. Failing to properly supervise Defendant Burns in the operation of the 2017 Freightliner Truck that was pulling the trailer and load Defendant Werner Enterprises was the owner of.

35. Paragraphs seventeen (17) through twenty-one (21) of this Complaint relating to injuries and damages suffered by Plaintiff Jose Flores-Guzman are incorporated herein by reference and made a part thereof as is set forth in full.

WHEREFORE, Plaintiff Jose Flores-Guzman respectfully requests Your Honorable Court grant judgment in his favor and against Defendant Werner Enterprises in an amount in excess of $75,000.00.

## COUNT V
## JOSE FLORES-GUZMAN v. JAMES C. BURNS
## PUNITIVE DAMAGES

36. Paragraphs one (1) through thirty-five (35) of this Complaint are incorporated herein by reference.

37. Defendant Burns knew, or should have known, that by failing to have proper and adequate control of the 2017 Freightliner Truck he was operating and failing to have his vehicle under proper and adequate control, there was a high degree of probability that harm would result to others.

38. Defendant Burns's actions, negligence, and conduct set forth above display a wanton and reckless indifference to the health, safety, rights, and interests of others.

39. Defendant Burns's egregious behavior and outrageous conduct was the direct and proximate cause of the accident at issue and the injuries sustained by Plaintiff Jose Flores-Guzman.

WHEREFORE, Plaintiff Jose Flores-Guzman respectfully requests your Honorable Court grant judgment for punitive damages in his favor and against Defendant Burns in an amount in excess of $75,000.00.

### COUNT VI
### JOSE FLORES-GUZMAN v. WERNER ENTERPRISES, INC.
### PUNITIVE DAMAGES

40. Paragraphs one (1) through Thirty-nine (39) of this Complaint are incorporated herein by reference.

41. Defendant Werner Enterprises knew, or should have known, its negligent conduct set forth above involved a high degree of probability that harm would result to others, specifically, Plaintiff Jose Flores-Guzman.

42. Despite the knowledge set forth above, Defendant Werner Enterprises knowingly allowed its employee, Defendant Burns, to operate its 2017 Freightliner Truck when he was not properly trained and/or supervised.

43. Defendant Werner Enterprises's actions, conduct, and negligence set forth above display a wanton and reckless indifference to the health, safety, rights, and interests of others.

44. Defendant Werner Enterprises's egregious behavior and outrageous conduct was the direct and proximate cause of the accident at issue, and the injuries sustained by Plaintiff Jose Flores-Guzman.

WHEREFORE, Plaintiff Jose Flores-Guzman respectfully requests your Honorable Court grant judgment for punitive damages in his favor and against Defendant Werner Enterprises in an amount in excess of $75,000.00.

Respectfully submitted,

                                    **SCHMIDT KRAMER PC**

                      By:    __s/ Scott B. Cooper__
                              Scott B. Cooper, Esquire
                              I.D. No. 70242
                              209 State Street
                              Harrisburg, Pa 17101
                              (717) 232-6300
                              (717) 232-6467 F
                              *scooper@schmidtkramer.com*
Date: 11/07/2018             Attorney for Plaintiff